UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNN & ELLIS BORDELON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-0939** |
| **NATIONAL FIRE & INDEMNITY EXCHANGE** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that National Fire and Indemnity Exchange's Motion for Summary Judgment (Doc. #11) is **GRANTED**.

## BACKGROUND

Defendant, National Fire and Indemnity Exchange ("National Fire"), filed a motion for summary judgment arguing that plaintiff's claims against it should be dismissed. Plaintiffs own a dry cleaning business in New Orleans, Louisiana. On or about August 29, 2005, plaintiffs' business sustained damage as a result of Hurricane Katrina. At the time of the loss, plaintiffs' property was ensured by National Fire. Plaintiffs sued National Fire alleging that National Fire undercompensated them for the wind damage to their property. Plaintiffs also alleged that, pursuant to the Louisiana Valued Policy Law, LA. REV. STAT. ANN. §22:695(A), National Fire was obligated to pay them the full face value stated in the policy for their property. Further, plaintiffs allege that

the flood exclusion in their insurance policy was inapplicable, because the flooding was the result of acts of negligence in the design, construction, and maintenance of the canals and levees around New Orleans. Finally, plaintiffs claim that National Fire acted in bad faith in its adjustment of their Hurricane Katrina losses.

## ANALYSIS

**1.    Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.    Plaintiffs' Louisiana Valued Policy Law Claim**

National Fire argues that plaintiffs' claim for the face value of their policy under the Louisiana Valued Policy Law, LA. REV. STAT. ANN. §22:695(A), should be dismissed. Plaintiffs

concede that the Louisiana Valued Policy Law is inapplicable, and do not oppose summary judgment on that issue. As a result, National Fire's motion is granted, and plaintiffs' Louisiana Valued Policy Law claim is dismissed.

**3.     Plaintiffs' Flood Exclusion Claim**

National Fire argues that plaintiffs claim regarding the application of the flood coverage should be dismissed, because both the Louisiana Supreme Court and the United States Court of Appeals for the Fifth Circuit have held that flood exclusion provisions, like the one in plaintiffs' policy, clearly and unambiguously exclude coverage for any loss that would not have occurred in the absence of a massive inundation of water. See Sher v. Lafayette Ins. Co., 2007-2441 (La. 4/8/08); 988 So.2d 186; see also In re Katrina Canal Breaches Litigation, 495 F.3d 191 (2007). Plaintiffs agree that the applicability of the flood exclusion in their policy has been upheld by the aforementioned courts, and thus do not oppose summary judgment on this issue. As a result, National Fire's motion is granted, and plaintiffs' flood claim is dismissed.

**4.     Plaintiff's Remaining Claims**

Plaintiffs argue that, although they do not oppose summary judgment on their Louisiana Valued Policy Claim or their flood exclusion claim, the case should not be dismissed because there are issues of fact regarding National Fire's payment of wind damage and criminal damages, such as looting and vandalism. National Fire argues that plaintiffs have not identified any witnesses or exhibits to support such claims. National Fire also claims that plaintiffs have not sought any discovery from National Fire, and that the discovery deadline has passed. Further, National Fire argues that it has completely compensated plaintiffs for their covered losses, and that plaintiffs have

3

not offered any evidence to the contrary. Finally, National Fire avers that plaintiffs never alleged a claim for criminal damages, and that the looting and vandalism damages covered by the policy have been fully paid. Because plaintiffs have not come forth with any evidence to support their claims that they are entitled to additional insurance proceeds for wind and criminal damages, such as looting and vandalism, National Fire's motion for summary judgment is granted.

## CONCLUSION

**IT IS HEREBY ORDERED** that National Fire and Indemnity Exchange's Motion for Summary Judgment (Doc. #11) is **GRANTED**.

New Orleans, Louisiana, this __3rd__ day of February, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**